## MOSER v MOSER
### Case No. 88-704-FR-01

Nineteenth Judicial Circuit, St Lucie County
December 9, 1988

**APPEARANCES OF COUNSEL**

**Leonard Rutland, Jr.,** for Mary Ann Moser
**Robert Moser,** pro se.

### OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

*FINDINGS OF FACT*

This Matter came on for final hearing upon the Husband's Petition for Dissolution filed May 27, 1988. Both parties request partition of real property acquired during the marriage.

The parties were married on August 2, 1983, two children were born of this marriage, Robert age 3 and Stephen 2. The Court has jurisdiction of the subject matter and the parties and finds the marriage is irretrievably broken.

Turning to the property issues generated by this bitterly contested case, the Court finds that the real property owned by the parties is marital and, therefore, subject to equitable distribution. Pursuant to Count II of the Husband's Petition, the Court orders that the properties be sold and the proceeds divided equally. The Wife will receive credit for all expenses borne by her during the pendency of this action upon final distribution of the proceeds. The Court specifically retains jurisdiction for such purpose.

The Husband shall be awarded his tools, the air conditioner he requested and the records of Moser Yacht Sales which remain in the marital dwelling. These items will be delivered forthwith to Mr. Moser. Mr. Moser may, in the company of a deputy sheriff, go to the former marital dwelling. The Wife or her agent will deliver said items and Mr. Moser will forthwith depart with the deputy.

The Court has considered the financial affidavits of the parties and sets child support for the Husband at $526.00 per month.

The Court must now decide the most troubling aspect of this case. The Wife, for reasons to be discussed subsequently, seeks to deny access to the Husband. The Husband, on the other hand, concedes that the Wife should be granted primary physical residence but asks for reasonable visitation. A previous temporary order granted the Husband extremely limited visitation, and that only while he was supervised by a neutral third party.

The Wife wishes to terminate visitation because she alleges that the Husband has sexually molested their three year old son, Robert. In support of her contention the Wife proffered her own testimony and that of her sister, Karen, relative to spontaneous statements made by Robert that indicated that his father sexually abused him. In addition, the Court heard testimony from a neighbor, Mrs. Nobles, that the child made a spontaneous statement to her that alleged sexual abuse by the father. This statement, made in early July after separation occurred while the child was alone with Mrs. Nobles and was unsolicited.

The Court also heard testimony concerning mood changes, bed wetting and other regressive behavior. In addition, the child now has a pronounced stutter and has demonstrated sexual behavior inappropriate in a child of this age.

The Court also heard testimony from two witnesses in the field of child abuse who opined that in their opinion the child had been molested.

The Court has treated all of this testimony as a proffer and in

258

accordance with Fla.R.Civ.P. 1.540(b), 90.803(23), Fla. Stat., and *Glendening v State*, 13 FLW 690 (Fla. Dec. 2, 2988), *Perez v State*, 13 FLW 683 (Fla. Dec. 2, 1988) and *Tingle v State*, 13 FLW 681 (Fla. Dec. 2, 1988) must now determine if the evidence as a whole satisfies the procedural safeguards set out in the trilogy of the cases just noted.

The Supreme Court, in *Glendening*, has set forth the procedural predicate this Court is obligated to apply in determining the applicability of the provisions of 90.803(23) Fla. Stat., to the proferred testimony.

At the outset, both the Mother and a second mental health expert, Mrs. Averbach, both unequivocally stated that in their opinion there was a likelihood of substantial emotional harm if the child was required to testify. The record of this hearing, especially the testimony of Mrs. Averbach and the Husband's own witness, also a psychiatric social worker, supports this contention. The Court, therefore, on the evidence as a whole that if Robert were required to testify there exists a likelihood of substantial emotional harm. The witness is, therefore, unavailable for that reason.

The Court is next required to determine if other corroborative evidence permits admission of the proffered evidence and must and also determine if the time, content and circumstances provide sufficient indicia of reliability to warrant consideration of the same evidence.

As reflected by the record, the statements were unsolicited, depicted graphic sexual activity and were made to at least one person who has no connection with either party. (See Shaw, J. concurring in *Perez v State*, noted supra.) Thus, the age of the child and the content and circumstances of the statements would seem to justify admission.

The time factor is, however, particularly troublesome. The record clearly demonstrates that all of these statements were made at least thirty days after the parties separated. Thus, the prospect of coaching cannot be ignored.

The exception at issue may be likened to the spontaneous utterance or excited utterance codified in 90.803(1) and (2), Fla. Stat. Historically, because of the nature of the event and the lack of opportunity to reflect statements made by out-of-court declarants are admitted. As Professor Ehrhardt notes 90.803(1) and (2), Fla. Stat. "often overlap and differ mainly in the amount of time that may lapse between the event and the statement describing the event."

The evidence does reveal that these statements were made shortly after the Husband and Wife separated. The record further demon-

strates that the child exhibited radical behavioral changes at the same time. Thus, under the facts of this case, the time factor, in the Court's view, is not so disproportionate so as to preclude admission. The statements, therefore, meet the threshold criteria established by 90.803(23)(a)(1), Fla. Stat.

The Court further finds, on the evidence, that the statements have been sufficiently corroborated to allow their admission. In reaching this conclusion, the Court has accepted the testimony of the Wife's father concerning admissions made by the Husband. The Court has also accepted the Wife's testimony, partially admitted by the Husband, of sleeping practices as reflected in the record. The Court has also considered testimony concerning behavior changes in the child.

The Court is mindful of public policy that seeks, through shared parental responsibility, to ensure a role for each parent. In view, however, of the best interests of these children and their ultimate well being, access must be denied. The Court, therefore, sets aside the previous temporary order and terminates visitation by the Husband.

The Court will enter a permanent mutual restraining order. The parties are enjoined from any form of harassment, abuse or violence. The Court further directs each party not to have any contact except as permitted by further order of this Court or the terms of this Judgment.

Each party will remain responsible for its own fees and costs. The Court, after reviewing testimony in this case, denies the Wife's request for permanent periodic alimony. Each party will remain responsible for one-half of the outstanding debts incurred during the marriage. Each party will retain any vehicle currently in their possession and be responsible for any indebtedness for same. The Court retains jurisdiction for enforcement of this Judgment and for any other lawful relief.

The attorney for the Respondent Wife is directed to supplement this Finding with legal descriptions of the real property. Said descriptions will be denominated as addendum "A" and are incorporated by reference into the Judgment nunc pro tunc to the date of entry.

Counsel for the Wife is directed to prepare a Final Judgment consistent with these findings, an Income Deduction Order, a Memorandum to the Clerk of St. Lucie County and a Mutual Restraining Order.

DONE AND ORDERED at Fort Pierce, St. Lucie County, Florida, this 9th day of December, 1988.